**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-11385
SUMMARY CALENDAR

ERNEST A. JANIK, JR., INDIVIDUALLY, ON BEHALF OF GRANT JOSEPH JANIK, ON
BEHALF OF TYLER NEWMAN JANIK; LEAH EILEEN JANIK, INDIVIDUALLY, ON
BEHALF OF GRANT JOSEPH JANIK, ON BEHALF OF TYLER NEWMAN JANIK,
*Plaintiffs-Appellants,*

v.

CITY OF DALLAS, TEXAS, ETC., ET AL.,
*Defendant*,

AMICA MUTUAL INSURANCE CO., A RHODE ISLAND COMPANY; NOBEL SERVICE
CORPORATION, A DELAWARE CORPORATION DOING BUSINESS AS INSURANCE
ADJUSTMENT SERVICES INC.,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of Texas
(   3:95-CV-2594-D   )

January 11, 2001

Before REYNALDO G. GARZA, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[1]

The appellants, Ernest A. Janik, Jr., et al. (collectively "Janiks") appeal the federal district

court's denial of their Fed. R. Civ. P. 60 (b) (3) motion for relief from judgment and their

---

[1]Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

respective motion to reconsider. For the reasons stated below, we affirm.

In the fall of 1993, the Janiks were renting a home in Dallas, Texas. On October 31, 1993, the Janiks discovered raw-untreated sewage coming up through one of their home's shower drains. The Janiks notified AMICA Mutual Insurance Co., ("AMICA"), the insurance company which had issued them their renter's insurance, of their problem and made a claim. AMICA hired Insurance Adjustment Services, Inc. ("IAS") to process the Janiks' claim.

Inevitably, disputes erupted between the Janiks and IAS and AMICA concerning the handling of the Janiks' claim. AMICA, however, ultimately paid the Janiks $60,000 for their unscheduled personal property damage, the policy limits for unscheduled personal property damages, and $4,425 for additional living expenses. Dissatisfied, the Janiks filed suit against the City of Dallas, AMICA, and IAS.

The federal district court dismissed all of the Janiks' claims against the City of Dallas and several, but not all, of their claims against AMICA and IAS. The Janiks appealed the dismissal. The Janiks proceed to trial with their remaining claims against AMICA and IAS. The jury found AMICA and IAS liable. The federal district court, however, entered judgment in favor of AMICA and IAS on the basis that there was no causal link between the liability finding and the damages finding. The Janiks appealed this ruling. On January 26, 1999, the two appeals were consolidated. On July 6, 1999, a panel of this court, in an unpublished opinion, affirmed the federal district court.

The Janiks, on August 30, 1999, filed a Fed. R. Civ. P. 60 (b) (3) motion for relief from judgment. The federal district court considered the motion and denied it. The Janiks then filed a motion to reconsider. The federal district court considered the motion and denied it. On

2

December 19, 1999, the Janiks filed their notice of appeal as to these two rulings.

Having reviewed the parties' briefs, the record, and the applicable authority, we AFFIRM the denial of the Janiks' motion for relief from judgment and their motion to reconsider based on the federal district court's opinion which is attached hereto as appendix A.